## ONE CADILLAC AUTOMOBILE v. STATE.

No 9008—Opinion Filed April 9, 1918.

Dissenting Opinion, April 11, 1918.

(172 Pac. 62.)

(Syllabus.)

### Intoxicating Liquors—Seizure and Forfeiture—Statute—"Appurtenance."

An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provision of section 3617, Rev. Laws 1910, and is not an "appurten-

ance" within the meaning of that section, which provided: "When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used" (citing Words and Phrases, Appurtenance).

Brett, J., dissenting.

Error from County Court, Cotton County; J. C. Norman, Judge.

Proceeding by the State against One Cadillac Automobile; State Exchange Bank of Oklahoma City, claimant. Judgment for the State, confiscating the automobile, claimant's motion for new trial overruled, and it brings error. Judgment reversed, and cause remanded with instructions to restore it to the person entitled to its possession.

A. E. Pearson and W. R. Withington, for plaintiff in error.

E. L. Richardson, for the State.

MILEY, J. On January 3, 1917, L. O. Watson, deputy sheriff of Cotton county, arrested without a warrant two persons who were unlawfully conveying certain intoxicating liquors in his presence and seized the liquors and the automobile in which the same were being conveyed. He made return to the county court setting forth a particular description of the liquor and automobile, whereupon a warrant issued commanding and directing him to hold the property so seized in his possession until discharged by due process of law. At the time fixed to hear and determine whether or not the property so seized or any part thereof was used, kept, or possessed with the intention of violating the law, the plaintiff in error, State Exchange Bank of Oklahoma City, appeared and by written plea of intervention claimed the automobile under a mortgage executed to it by the owner to secure the payment of a promissory note, and among other things alleged that the seizure was wrongful and without authority of law. On January 27, 1917, there was trial by jury resulting in a verdict against intervener and for the state, and judgment was rendered thereon that the automobile be confiscated to the state and ordered delivered to the commissioners of Cotton county to be disposed of according

to law for the benefit of the court fund of the county. Motion of the bank for a new trial having been overruled, it brings the cause here and seeks the reversal of the judgment on several grounds, only one of which it will be necessary to consider.

Assuming that the liquor was being transported in the automobile in the presence of the officer in violation of law, the question is whether the automobile was subject to seizure and confiscation. It is conceded on the part of the state that such seizure and confiscation must have the warrant of some statute. There was no statute in force at the time specifically providing for the forfeiture of automobiles or other vehicles used in the unlawful transportation of liquor. Chapter 188, Session Laws 1917, p. 352, so providing, was enacted subsequently to the seizure and entry of judgment thereon here complained of. That law cannot, of course, retroact. The authority for the seizure and forfeiture is claimed by the state by virtue of section 3617, Rev. Laws 1910, in force at the time, which provided as follows:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

One of the provisions of the chapter referred to in this section is that part of section 3605 providing that it shall be unlawful for any person to ship or in any way convey certain liquors from one place within the state to another place therein. On behalf of the state, it is argued that the officer had the right and that it was his duty under section 3617 to arrest without warrant any person violating the law in his presence by unlawfully conveying liquor and seize the liquor and the means by which it was being conveyed, in this case the automobile, as an

appurtenance thereto. Whether section 3617 should be strictly or liberally construed is a question much discussed in the briefs. The plaintiff in error contends that the rule of strict construction applies, while counsel for the state contend for liberal construction. We are inclined to the view that the statutes designed to suppress traffic in intoxicating liquor should be construed according to the fair import of their terms, with a view to effecting their objects and of promoting justice, and so as not to disarm the officers charged with the arduous and difficult duty of enforcing the law of a power which has been confided to them to be used for the general good. Sections 2948, 4642, Rev. Laws 1910.

It is easy to perceive, especially since high-powered and expensive automobiles have been employed for the purpose, that to subject to forfeiture as contraband property, not only the liquor unlawfully conveyed, but also the means or vehicle by which it is transported, would be a great aid in the suppression of the evil aimed at, and, although the statutes in force at the time did not in express terms provide for the forfeiture of automobiles so unlawfully employed, yet if there were in the statutes any general words, the fair and reasonable import of which included such property, we would not be inclined to so strictly construe them as to exclude it. The language of the statute is "seize the liquor, bars, funiture, fixtures, vessels, and appurtenances thereunto belonging, so unlawfully used." While counsel for the state in this and other cases now pending in which the same question is involved have ably argued the same with commendable zeal, they do not contend that an automobile is included in the designation of "bars," "furniture," "fixtures," or "vessels"; nor is it possible to stretch the ordinary meaning of those words to that extent. But it is insisted that authority to seize the means or vehicle used in the unlawful transportation is found in the words following the designation of the specific articles; i. e., "and appurtenances thereunto belonging so unlawfully used."

It is contended on behalf of the state that these words should be construed as meaning "any chattels used in violation of the prohibitory law." But we are unable to do so without violating our understanding of the meaning of the word "appurtenance." The word is defined as:

"That which belongs to something else; an adjunct; an appendage; an accessory; something annexed to another thing more worthy;

in common parlance and legal acceptation, something belonging to another thing as principal and passing as incident to it, as a right of way or other easement to land, a right of way or common to pasture, an outhouse, barn, garden, or orchard to a house or messuage." Webster's New International Dictionary; Black's Law Dictionary.

See, also, 4 Corpus Juris. p. 1466; Bouvier's Law Dictionary. In Words and Phrases Judicially Defined will be found a collection of judicial definitions and applications of the word, but all within the comprehensive definition given by Webster. In Stroud's Judicial Dictionary, it is said:

"A thing may be 'used and enjoyed' or 'occupied' with something else without 'belonging or appertaining thereto.' "

It is quite clear that "appurtenances" does not have the broad meaning claimed by counsel for the state, and does not include all personal property or things used in the commission of the crime, but only such of an inferior nature as belong or are incident to the other things designated as the principal thing or things more worthy, viz.: "The liquors, bars, furniture, fixtures, or vessels." Within the designation of appurtenances would fall things such as show cases, screens, mirrors, bottles, and other paraphernalia of a bar, and articles such as glasses, spoons, and things used in preparing and serving intoxicating and other drinks. It is quite clear that an automobile is not an appurtenance to any of the things mentioned in the statute. There is no significance in the arrangement of the sentence so that the words "so unlawfully used" follow the words "appurtenances thereunto belonging." Those words apply to the "bars, fixtures, furniture and vessels," as well as the "appurtenances thereunto." The statute does not make the "liquors, bars, furniture, fixtures and vessels" per se contraband, but even they become so only when used in violation of the law or when kept for that purpose. This is quite clear because the inquiry at the hearing provided in section 3613, Rev. Laws 1910, as amended by section 10, c. 70, Session Laws 1910-11, is not only as to the character of the property seized, but also "whether" the same was "used, or in any manner kept or possessed by any person within the state, with the intention of violating any * * * provisions of this act." Had it been the legislative intent to confiscate vehicles unlawfully used, it would have been so easy to mention them among the other things specifically designated that the omission of the express mention thereof is significant; or, had it been intended that all chattels

and personal property used in violation of the prohibitive law should be subject to forfeiture, a more comprehensive term than "appurtenance" could and no doubt would have been employed. Even if the statute had read, "seize the liquors, bars, furniture, fixtures, vessels, and other chattels or personal property so unlawfully used," it would be doubtful, under the rule of ejusdem generis, if vehicles and automobiles should be held subject to seizure and forfeiture. ·

We find nothing in other sections of the statutes in force at the time fairly indicating an intention that automobiles used in unlawfully transporting liquor should be subject to seizure and forfeiture, or which would authorize a different construction of section 3617 than according to the plain import of the words thereof. Section 3612 as amended by section 9, c. 70, Session Laws 1910-11, relates to the search of premises where it is made to appear that liquor is manufactured, sold, bartered, given away, or otherwise furnished or is kept for such purpose, and has no relation to seizure of property used in the unlawful transaction of liquor. Section 3620, Rev. Laws 1910, declaring that there shall be no property rights in any of the things therein enumerated used for the purpose of violating the provisions of the act, does not and was not designed to extend the power of seizure to property not designated in section 3617, but it was designed to permit the forfeiture of the designated property so unlawfully used without regard to the claims thereto of persons who did not participate in or consent to the unlawful use. While section 3613 as amended by section 10, c. 70, Session Laws 1910-11, places upon the claimant the burdeen of proving his property right or interest in the thing claimed and that same is not used in violation of the provision of the act, this has reference to that class of property which the statutes otherwise provide the officer is authorized to seize under the search warrant or when the offense is committed in his presence, and does not mean that the claimant may not have returned to him property not of that class unless he proves that such other property was not used in violation of the act. The subsequent legislation found in chapter 188, Session Laws 1917, expressly providing for the forfeiture of all vehicles, including automobiles, and all animals used in hauling or transporting liquor, instead of indicating that such property was intended to be subjected to forfeiture under previous enactments, rather indicates the contrary, and is an expression of legislative will to extend the power of forfeiture to a class of property not before subject thereto.

It follows in our opinion that, under a liberal construction of the then existing statute according to the fair and reasonable import of its terms, the seizure of the automobile under the circumstances was not authorized, and hence that the judgment confiscating the same was erroneous, and the judgment must be reversed and the cause remanded, with instructions to restore the automobile to the person entitled to possession thereof.

All the Justices concur, except BRETT, J., who dissents.

BRETT, J. (dissenting). I must dissent from the opinion of the court on the question decisive in this case, to wit, whether or not the seizure of the automobile taken is authorized by statute.

The provisions of section 3617, Rev. Laws of 1910, are that:

"When a violation of any provision of this chapter shall occur ·in the presence of any sheriff, constable, marshal, or· other officer having power to serve criminal process, it shall be the duty of such officer, without warrant. to arrest the offender. and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath. charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

It will be noticed that the authority to seize is not confined to a violation of the provisions of any particular section; but is broader and provides that a violation of any provision of the chapter on prohibition, when it occurs in the presence of an officer, shall give him the right to seize such liquor and the appurtenances thereunto belonging or so unlawfully used. And section 3605 of that chapter makes it unlawful for any person "to ship or in any way convey such liquor from one place within the state to

another place therein, except the conveyance of a lawful purchase, as herein authorized."

And the illegal conveyance of liquor from one place in the state of Oklahoma to another place therein is as much a violation of the provisions of the chapter on prohibition as the sale of liquor over the bar. And the automobile, cart, wagon, or other vehicle, used in such unlawful conveyance, appertains to and is just as much an appurtenance of such unlawful conveyance, as the bar, glasses, furniture, and fixtures of a bar room are appurtenances of the unlawful sale of liquor over the bar.

If the provision of section 3617, authorizing the seizure of appurtenances unlawfully used, was confined to simply the violation of one phase of the prohibition law, to wit, the unlawful sale of intoxicating liquors, then the contention of the plaintiff in error would be well taken; and an automobile, used in unlawfully conveying spirituous liquors from one place in the state to another, would not be subject to seizure. But the provision is broader, and is to the effect that when a violation of any provision of the chapter on prohibition shall occur in the presence of any officer, having authority to serve criminal process, he shall at once arrest the offender, and seize the liquor and that which appertains to such violation. The language is not that the violation of the provisions of any particular section shall authorize the arrest and seizure, but contemplates that a violation of any provision of the chapter on prohibition will give the officer the right to arrest the person violating such provision, and to seize the appurtenances unlawfully used in such violation. Bouvier's Law Dictionary, vol. 1, p. 224 defines the word "appurtenant" as: "Belonging to; pertaining to." Then, can it be contended that the automobile, in which this liquor was being illegally hauled, did not pertain to and was not an appurtenance in the violation of the prohibited act?

If, under section 3617, we construe the right to seize appurtenances to be confined only to an appurtenance used in the illegal sale of intoxicating liquor, then that would leave an officer powerless to even seize liquor that was being illegally transported in his presence; for he derives the authority, not only to seize the appurtenances, but also the liquor from the same source. And the Legislature, to avert a narrow construction of the right of seizure, specifically and plainly provides that a violation of any provision of the entire chapter on prohibition,

when it occurs in the presence of an officer, gives him the right to seize the liquor and everything appertaining to the violation, regardless of what particular phase of the prohibition law is being violated.

Then I am forced to the conclusion that when spirituous liquor is being illegally transported, the automobile, vehicle, cart, or wagon, in which it is being conveyed, is as much an appurtenance of that conveyance, as the glasses, bar, furniture, and fixtures used in a grogshop are appurtenances in the illegal sale of spirituous liquor over the bar. For the gist of the statute is that when a violation of any provision of the prohibition law occurs, in the presence of an officer having power to serve criminal process, he shall, without a warrant, arrest the offender and seize the liquor and the appurtenances so unlawfully used. So unlawfully used in what? In the sale of liquor? No! In the violation of any provision of the chapter on prohibition. The statute is aimed at every violation of the prohibition law, and it is the appurtenances used in the violation of any provision of that law that are authorized to be seized.