## ONE MOON AUTOMOBILE v. STATE.

No. 9009—Opinion Filed April 9, 1918.

(172 Pac. 66.)

(Syllabus.)

### Intoxicating Liquors—Seizure and Forfeiture of Automobile — Statute — "Appurtenance."

An automobile used January 4, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provision of section 3617, Rev. Laws 1910, and is not an "appurtenance" within the meaning of that section, which provided: "When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels and appurtenances thereunto belonging so unlawfully used."

Brett, J., dissenting.

Error from County Court, Cotton County; J. C. Norman, County Judge.

Proceeding by the State to forfeit one Moon automobile; State Exchange Bank of Oklahoma City, Okla., claimant. From a judgment of forfeiture, claimant brings error. Reversed and remanded as per stipulation.

A. E. Pearson and W. R. Withington, for plaintiff in error.

S. P. Freeling, Atty. Gen., and Jno. B. Harrison, Asst. Atty. Gen., for the State.

MILEY, J. The parties hereto have stipulated that the same questions involved in No. 9008, One Cadillac Automobile et al. v. State, 68 Okla. 116, 172 Pac. 62, are involved herein, and that the same judgment should be rendered in this court in this case as in No. 9008.

It is therefore ordered that this cause be and the same is hereby reversed and remanded, with instructions to restore the automobile to person entitled to possession thereof for the reasons stated in the decision in said cause No. 9008, this day decided.

All the Justices concur, except BRETT, J., who dissents.