### ONE HUDSON SUPER-SIX AUTOMOBILE v. STATE.

No. 8926—Opinion Filed May 14, 1918.

(173 Pac. 1137.)

**1. Intoxicating Liquors — Transportation — "Appurtenances Thereunto Belonging" — Automobiles.**

An automobile used prior to the enactment of chapter 188, Session Laws 1917, p. 352, for the unlawful transportation of intoxicating liquors, is not included in "appurtenances thereunto belonging," as used in section 3617, Revised Laws 1910. .

**2. Same—Confiscation of Automobiles.**

An automobile used prior to the enactment of chapter 188, Session Laws 1917, p. 352, for the unlawful transportation of intoxicating liquors, is not subject to seizure and confiscation therefor.

·(Syllabus by Collier, C.)

Error from County Court, Creek County; J. V. Frazier, Judge.

Proceedings by the State against one Hudson Super-Six Automobile and Lizzie Goff and others, claimants. Judgment for the State, and claimants bring error. Reversed and remanded, with directions.

Smith & Walker, for plaintiff in error Wallace.

R. B. Thompson, for plaintiffs in error Goff.

S. P. Freeling and Hunter L. Johnson, for defendant in error. ·

Opinion by COLLIER, C. This is an action by the state of Oklahoma to forfeit an automobile upon the ground that, on the 9th day of January, 1917, near the Bluebell schoolhouse in Creek county, Okla., a deputy sheriff seized the said automobile on the public highway, and that at the time of the seizure of said automobile, it had in it a large quantity of whisky, beer, and alcohol The inmates of said car were arrested at the time of the seizure, and arrests were made without warrant of any kind, and on the said day of the seizure the said deputy sheriff filed in the county court information of said seizure of said automobile and the arrest of said parties with the automobile. On the same day a warrant was issued by the county court for the officer to retain the automobile, and property contained therein in his possession until discharged by due process of law. On the 22d day of January, 1917, plaintiff in error, E. C. Wallace, filed his claim in said matter in the county court setting forth "that he

was the good-faith mortgagee of said automobile by chattel mortgage given by R. E. Goff and Lizzie Goff, to secure a portion of the purchase money for said car," to which was attached as an exhibit a copy of a promissory note given by the said Goffs to said Wallace for the deferred purchase money and interest for said car. On the day set for the hearing of said cause the defendant Lizzie Goff filed her claim in said matter, setting up that she was the owner of a one half interest in said car, and that she had no knowledge or part, directly or indirectly, in the alleged unlawful use of said car for transporting of intoxicating liquors. At the time of the said hearing the defendant R. E. Goff filed his claim as the owner of an undivided one-half interest in said automobile, and claiming that the automobile itself did not fall within the statute authorizing the seizure and forfeiture of property used in violation of the prohibitory laws of the state. The uncontradicted evidence, which we deem unnecessary to recite, shows the seizure of said automobile on the 9th day of January, 1917, and that at the time of its seizure it contained a large quantity of whisky, alcohol, and beer, and sustains the claim of the defendants as to the mortgage upon; and ownership of, said car, and that the said car had not, by the consent of the defendant Lizzie Goff, been used in the said unlawful transportation. Upon the conclusion of the evidence the defendants demurred thereto, which demurrer was overruled, and exceptions saved. The case was tried to a jury, and among other instructions asked by the defendant, and refused was No. 8, which is as follows:

"You are instructed, gentlemen of the jury, that the automobile which is in controversy in this case does not come under and is not included in the classification of the property subject to seizure in the statutes of the state of Oklahoma, regulating the sale, manufacture, barter, or giving away of intoxicating liquors, and that the same is not subject to seizure, and you will therefore return a verdict in favor of the claimant E. C. Wallace"

—to which refusal to give said instruction the defendants duly excepted. Thereupon the court sustained a motion of the state for a peremptory instruction to the jury to render a verdict in favor of the state, to which action of the court the defendants duly excepted. The jury returned the following verdict:

"We, the jury empaneled, sworn, and charged in the above-entitled cause, upon our oaths find for the plaintiff, the state of Oklahoma, and against the defendant One Super-Six automobile and the interpleaders, R

E. Goff, L. W. Goff, and E. C. Wallace, and that the property be forfeited to the state."

Timely motion was made for a new trial, which was overruled, excepted to, and error brought to this court.

There are several assignments of error, but as a review of the refusal of the court to give requested instruction No. 8, and the directing of a verdict for the state, will fully dispose of the case, other errors assigned than said errors stated need not, and will not be considered.

There is only one question involved in this appeal. Was the automobile, by reason of being used for the unlawful transportation of intoxicating liquors, subject to seizure and confiscation? The law under which the state relies to sustain the seizure and confiscation of said automobile is section 3617, Rev. Laws 1910, which reads:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender, and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

It follows that the right to seize and confiscate the automobile because of its being used for the unlawful transportation of intoxicating liquors, by reason that automobiles are not especially named, in said section 3617, as subject to seizure and confiscation, turns upon whether or not automobiles are included in "appurtenances thereunto belonging"; the said seizure of said automobile in the instant case having been prior to the enactment of chapter 188, p. 352, Session Laws 1917. The word is defined as:

"That which belongs to something else; an adjunct; an appendage: an accessory; something annexed to another thing more worthy; in common parlance and legal acceptation, something belonging to another thing as principal and passing as incident

to it, as a right of way or other easement to land, a right of common to pasture, an outhouse, barn, garden, or orchard to a house or messuage." Webster's New International Dictionary; Black's Law Dictionary.

"A thing may be 'used and enjoyed' or 'occupied' with something else without 'belonging or appertaining' thereto." Stroud's Judicial Dictionary.

"Things belonging to another thing as principal and passing as incident to such principal thing." Cyclopedic Law Dictionary.

Bearing in mind the foregoing definitions of "appurtenances," and the liberal rule of construction of the statute as given by recognized authorities, we are of the opinion that "appurtenances thereunto belonging," as used in section 3617, Revised Laws, does not include an automobile used in the unlawful transportation of intoxicating liquors. State of Oklahoma v. One Packard Automobile, 68 Okla. 106, 172 Pac. 66; One Moon Automobile v. State, 68 Okla. 100, 172 Pac. 66; One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62.

It follows that the trial court, in refusing to give requested instruction No. 8, and in directing a verdict for the state, and in rendering judgment confiscating the automobile, committed prejudicial errors, for which the judgment must be reversed and remanded, with instructions to restore the automobile to the person entitled to possession thereof.

By the Court. It is so ordered.