## STATE v. ONE FORD AUTOMOBILE (NESBITT, Intervener).

No. 9615—Opinion Filed Aug. 13, 1918.

(174 Pac. 489.)

**Intoxicating Liquors—Unlawful Conveyance — Seizure of Automobile — "Appurtenance."**

An automobile seized January 31, 1917, in the unlawful conveyance of intoxicating liquor, in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state, under the provision of section 3617, Rev. Laws 1910, and is not an "appurtenance" within the meaning of that section. Following One Cadillac Automobile v. State, 68 Okla. 116, 172 Pac. 62.

(Syllabus by Galbraith, C.)

Error from County Court, Canadian County; R. B. Forrest, Judge.

Proceeding by the State against one Ford Automobile in the possession of C. C. Sanford on the public highway in section 3, township 10, range 7 W. I. M., Canadian county; V. L. Nesbitt, intervener. Motion of intervener to dismiss the proceedings for want of jurisdiction sustained, and plaintiff brings error. Affirmed.

E. F. Maley, Co. Atty., and R. McMillan, Asst. Atty. Gen., for the State.

Charles H. Ruth, for defendant in error.

Opinion by GALBRAITH, C. This was a proceeding under section 3617 of the Revised Laws of 1910 to confiscate one Ford automobile which had been seized by the sheriff without warrant on the 31st of day of January, 1917, on the charge that it had been unlawfully used in transporting 160 quarts of whisky along the public highway from one point in the state to another contrary to law. The sheriff filed a return of the seizure with the county court, and an order was made directing that the property seized be held until discharged by due process of law. Nesbitt appeared in said action claiming that he owned the Ford, and filed a motion to dismiss the proceeding for want of jurisdiction in the county court to forfeit said automobile. This motion was, by the court sustained, and the state appeals.

This case is controlled by the decision of this court in No. 9008, One Cadillac Automobile v. State, reported in 68 Okla. 116, 172 Pac. at page 62, wherein the court says during the course of the opinion:

"Assuming that the liquor was being transported in the automobile in the presence of the officer in violation of law, the question is whether the automobile was subject to seizure and confiscation. It is conceded on the part of the state that such seizure and confiscation must have the warrant of some statute. There was no statute in force at the time specifically providing for the forfeiture of automobiles or other vehicles used in the unlawful transportation of liquors. Chapter 188, Session Laws

1917, p. 352, so providing, was enacted subsequently to the seizure and entry of judgment thereon here complained of. That law cannot, of course, retroact. The authority for the seizure and forfeiture is claimed by the state by virtue of section 3617, Rev. Laws 1910, in force at the time."

This statute is set out in full in the opinion. The opinion then discusses the provisions of the statute, and concludes as follows:

"It follows in our opinion that, under a liberal construction of the then existing statute according to the fair and reasonable import of its terms, the seizure of the automobile under the circumstances was not authorized, and hence that the judgment confiscating the same was erroneous, and the judgment must be reversed and the cause remanded, with instructions to restore the automobile to the person entitled to possession thereof."

The seizure in this instance having been made on the 31st day of January, 1917, prior to the taking effect of the act of 1917, which was approved March 24, 1917, it is held by the court in case No. 9008, supra, that there was no authority under section 3617, Rev. Laws 1910, justifying the seizure and confiscation of the automobile, although it had been used in the unlawful conveyance of intoxicating liquors. It therefore appears that the judgment of the court below was correct, and it should be affirmed.

It is therefore ordered that the judgment appealed from be, and same is, affirmed, and the cause remanded to the trial court with directions to restore the Ford to the person entitled thereto.

By the Court: It is so ordered.