**COOPER v. STATE ex rel. HARDY, Co. Atty.**

No. 9130—Opinion Filed Oct. 8, 1918.

(175 Pac. 551.)

(Syllabus.)

**Intoxicating Liquors—Forfeiture of Automobile—Statute—"Appurtenance."**

The judgment of the trial court is reversed, and the case remanded, with instructions to restore the automobile to the person entitled to the possession thereof, upon the authority of No. 9008, One Cadillac Automobile et al. v. State of Oklahoma, 68 Okla. 116, 172 Pac. 62.

Error from District Court, Carter County; W. F. Freeman, Judge.

Proceeding by the State of Oklahoma, on the relation of A. J. Hardy, County Attorney of Carter County, against one automobile: Tom Cooper, claimant. Judgment for relator, and claimant brings error. Reversed, and cause remanded, with instructions to restore automobile to person entitled to its possession.

Wm. G. Davisson, for plaintiff in error.

A. J. Hardy and J. A. Bass, for defendant in error.

KANE, J. This case seems to be in all respects identical with the case of One Cadillac Automobile et al. v. State of Oklahoma, 68 Okla. 116, 172 Pac. 62, wherein it was held:

"An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provision of section 3617, Rev. Laws 1910, and is not an 'appurtenance' within the meaning of that section, which provided: 'When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used.'"

As the action of the trial court herein is contrary to the rule announced in the foregoing case, the judgment rendered must be reversed, and the cause remanded, with instructions to restore the automobile involved to the person entitled to the possession thereof.

All the Justices concur.