## FIRST NAT. BANK OF ROFF et al. v. STATE.

No. 9173—Opinion Filed Feb. 11, 1919.

(178 Pac. 670.)

(Syllabus.)

**Intoxicating Liquors — Condemnation of Vehicle—Statute.**

An automobile used prior to the enactment of chapter 188, Session Laws 1917, p. 352. for the unlawful transportation of intoxicating liquors, is not subject to seizure and confiscation therefor under and by virtue of section 3617, Rev. Laws 1910.

Error from County Court, Rogers County; Edward Jordan, Judge.

Action by the state of Oklahoma against one Dodge Automobile, Motor No. 144296, Car No. 96546, with interplea and claim by the First National Bank of Roff, Okla. Judgment confiscating car and denying claim, motion for new trial denied, and claimant brings error. Reversed and remanded, with instructions.

D. G. Elliott and Jennings & Hall, for plaintiff in error.

Mack R. Shanks, Co. Atty., and D. M. Battenfield, for defendant in error.

PITCHFORD, J. This action was commenced in the county court of Rogers county on the 10th day of January, 1917, by the deputy sheriff of said county filing a complaint, stating that on the 7th day of January, 1917, one Ed. Henderson and F. Palmer in said county unlawfully had possession of about 850 half pints of intoxicating liquor, and had the same deposited in one Dodge automobile, motor No. 144296. car No. 93546, and were conveying said liquor in violation of the laws of Oklahoma; that he then had the automobile in his possession, and had destroyed the said intoxicating liquors. On the same day the county judge of Rogers county issued an order for the sheriff to hold the automobile and set the 22d day of January, 1917, for hearing and adjudication. On the 18th day of January, plaintiff in error, the First National Bank of Roff, filed its interplea. alleging ownership in said automobile and claiming the possession of the same under and by virtue of a chattel mortgage executed by one F. S. Sturges to se-

cure the pyament of $875; that the automobile was not used by or with the consent of the interpleader in violation of the laws of the state.

The cause came regularly on for trial, and the court, after hearing evidence, adjudged that the car be confiscated and the interplea be denied. Motion for new trial was in due time filed, overruled, and interpleader appeals. We will only notice the second assignment of error, that the court erred in rendering its judgment and decision against the plaintiff in error, the judgment and decision being contrary to the law and not supported by the law. This action was founded upon section 3617, Rev. Laws 1910, as follows:

"When a violation of any provision of this chapter shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

In the case of One Cadillac Automobile and State Exchange Bank of Oklahoma v. State of Oklahoma, 68 Okla. 116, 172 Pac. 62, the court uses the following language:

"An automobile used January 3, 1917, in the unlawful conveyance of intoxicating liquor in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state under the provision of section 3617, Rev. Laws 1910, and is not an 'appurtenance' within the meaning of that section, which provided: 'When a violation of any provision of this chapter (chapter 39, Intoxicating Liquors) shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels and appurtenances thereunto belonging so unlawfully used.'"

To the same effect is Cox et al. v. State, 70 Okla. 131, 173 Pac. 445. In the case of the State v. One Ford Automobile (Nesbitt, Intervener), 73 Oklahoma, 174 Pac. 489, we quote as follows:

"An automobile seized January 31, 1917, in the unlawful conveyance of intoxicating liquor, in the presence of an officer having power to serve criminal process, was not subject to seizure by such official and forfeiture to the state, under the provision of section 3617, Rev. Laws 1910, and is not an 'appurtenance' within the meaning of that section."

The act of the Legislature approved March 24, 1917 (Session Laws 1917, p. 352), forfeits to the state all vehicles, including automobiles and animals used in transporting liquor, the sale of which is prohibited by the laws of this state, from one place in this state, to another, in violation of the laws thereof, and authorizes the sale of same and provides for the distribution of the proceeds thereof.

In the case of One Hudson Super-Six Automobile v. State, 70 Okla. 40, 173 Pac. 1137, decided May 14, 1918, the court uses the following language:

"An automobile used prior to the enactment of chapter 188, Session Laws 1917, p. 352, for the unlawful transportation of intoxicating liquors is not included in 'appurtenances thereunto belonging,' as used in section 3617, Rev. Laws 1910." and "an automobile used prior to the enactment of chapter 188, Session Laws 1917, p. 352, for the unlawful transportation of intoxicating liquors, is not subject to seizure and confiscation therefor."

It therefore follows that the trial court committed error in its judgment. The judgment is therefore reversed and remanded, with instructions to restore the automobile to the person entitled to the possession thereof.

All the Justices concur.