**HOSKINS v. STATE ex rel. CROWDER, County Attorney.**

No. 10150—Opinion Filed July 5, 1921.

(Syllabus.)

1. **Intoxicating Liquors—Forfeiture of Automobile Used in Transportation—jurisdiction—Custodia Legis.**

Where an automobile was seized by a state officer, under and by virtue of chapter 188, Session Laws 1917, and said automobile was delivered by the state officer to a United States deputy marshal under a claim by the latter that the jurisdiction of the federal court in the premises was superior to the jurisdiction of the state courts, and the federal authorities later returned the automobile to the officers of the state and the latter immediately proceeded to comply with section 3617, Revised Laws 1916, held: (a) That the automobile, while in the possession of the federal authorities, was still in the custody of the law. (b) That the county court did not lose jurisdiction in the premises because of the fact that the automobile was seized by the state officers without a warrant on the 15th day of March and the return of the officer was not made until the 29th of March thereafter.

2. **Same—Unlawful Use of Car Without Owner's Consent.**

The unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of such conveyance does not forfeit the property when it appears that such automobile was so unlawfully used without the consent, fault, or knowledge of its owner.

3. **Jury—Right to Jury Trial—Proceedings to Forfeit Automobile Used to Transport Liquors.**

In an action for the forfeiture of an automobile, under chapter 188, Session Laws 1917, wherein the claimant of said automobile, or party interested in the same, files proper pleadings, raising an issue of fact sufficient to constitute a defense to a right of the state to forfeit said property, such party is entitled to a jury trial.

Error from County Court, McClain County; Geo. F. Johnson, Judge.

Proceedings by the State to forfeit automobile used to convey intoxicating liquors, in which Elmo Hoskins, by Nora G. Hoskins, guardian, intervened as owner. Judgment of forfeiture, and intervener brings error. Reversed and remanded.

J. Q. A. Harrod, for plaintiff in error.

J. E. Crowder, Co. Atty., for the State.

PITCHFORD, J. This is an appeal from an order of the county court of McClain county, Oklahoma, wherein one Buick Light Six, 1917 model, automobile was ordered confiscated and forfeited to the state of Oklahoma, on the grounds that the same was used in conveying intoxicating liquors contrary to the provisions of the law.

The evidence adduced at the trial in the lower court shows, in substance, that, on the 12th day of January, 1918, Nora G. Hoskins, as guardian for her minor son, Elmo Hoskins, purchased the car in controversy for her ward. After the urchase of the car, the guardian arranged with one Richard Hoskins, to use the same in Oklahoma City as a service car; the arrangement being that, after the expenses for operating the car were paid, the profits were to be equally divided between the guardian and Richard Hoskins. The guardian was evidently impressed with the idea that there was a chance for great profit in the venture. We are not prepared to say that, as a general proposition, her hopes of profit were not well founded, but after a few weeks' experience in this new venture, she realized that the arrangement was a losing proposition, the expenses of operation largely exceeding the receipts. Whereupon, she instructed Richard Hoskins to cease operating the car as a service car, and ordered him to place the same in a certain garage in Oklahoma City. The guardian called up the garage and ascertained that her orders had been obeyed; she thereupon instructed the management of the garage not to allow the car to be taken out without her consent.

On the 15th day of March, thereafter, Richard Hoskins, without the knowledge or consent of the guardian, took the car from the garage, and, on the afternoon of that date, was arrested in Purcell by the city marshal. At the time of the arrest of Richard Hoskins, the car contained 30 pints of whisky. On the 22nd day of March, the car was turned over to the deputy United States marshal, and was taken to Chickasha, Oklahoma, where it remained in possession of the United States marshal until the 28th of March, on which date it was turned over to the sheriff of McClain county. The return of the sheriff was filed on the 29th day of March, 1918.

Nora G. Hoskins, as guardian, filed an interplea for her ward, Elmo Hoskins, and alleged that, if the car had been used in violation of the prohibitory laws of the state of Oklahoma, such use was not with her knowledge or consent. Upon trial, the county court rendered judgment confiscating the car, from which judgment the guardian prosecutes this action.

Plaintiff in error assigns numerous errors; however, we will confine ourselves to assignments 4, 7, and 8. The 4th assignment of error is:

"The court erred in not sustaining the intervener's demurrer to the petition, or that part of it, wherein the officers of McClain county surrendered the car to the United States marshal, on March 22nd, 1918, and allowed the same to be taken out of McClain county, Oklahoma, on the 22nd day of March, 1918, to Grady county, Oklahoma, and allowed it to remain there until the 29th day of March, 1918."

The proceeding to confiscate an automobile, used in transporting liquors contrary to the prohibitory laws of the state of Oklahoma, is in the nature of a proceeding in rem. There might arise cases where the car would be confiscated, and the driver of the car be entirely innocent of violating the law. In a sense, the car is guilty of committing the offense, and the penalty is confiscation. The style of the prosecution is the state of Oklahoma against the offending car.

In the instant case, when the officer of McClain county arrested Richard Hoskins, and seized the liquors and the car, it appears that the federal officers claimed prior or superior jurisdiction in the premises, and demanded that the car be delivered to them, which was done by the officer making the seizure. After holding the car for a short time, the federal authorities returned the same to the sheriff of McClain county, who immediately thereafter sought to comply with the requirements of secton 3617, Revised Laws of 1910, by making before the county judge the required complaint and his return. The automobile, after the seizure, was at no time out of the custody of officers, either federal or state, whose duty it was to see that the prohibition laws were enforced. Therefore, when the officer of McClain county filed his complaint and return, the county court of McClain county was thereby vested with full jurisdiction in the premises. To hold otherwise, would be in effect holding that, after an individual had committed an offense against

the criminal laws of the state, had been arrested, and, before being taken before the magistrate, escaped, fled into another jurisdiction, and thereafter was arrested by the officers of the county where the offense had been committed, the courts of the county would thereby lose jurisdiction to try the offender.

There is some similarity between criminal procedure regarding arrests and the law authorizing the seizure of an automobile transporting liquor contrary to law. Under the former, where an officer makes an arrest without a warrant, he is required to take the party arrested before a magistrate without unnecessary delay. The failure of the officer, however, to act promptly or without unnecessary delay in taking the offender before the magistrate, would not be jurisdictional, and, notwithstanding the delay, if afterwards the party is taken before the magistrate, such failure would not affect the jurisdiction of the court to proceed thereafter as directed by the statute.

The plaintiff in error next contends that the judgment of the court was contrary to the evidence. From a careful examination of the record, we have not been able to find where there is any evidence in any way imputing to the plaintiff knowledge that the car was to be used by Robert Hoskins to violate the prohibitory laws. The mere fact that Richard Hoskins might have been employed by the plaintiff in error to use the car in Oklahoma City for hauling passengers would not within itself impute knowledge to the plaintiff in error that Robert Hoskins might use the car for illegal purposes.

In One Hudson Super-Six Automobile, Model J. No. 4197, Engine No. 39527, et al. v. State, 77 Okla. 130, 187 Pac. 806, the 4th paragraph of the syllabus is as follows:

"The holder of a valid mortgage upon personal property to secure an existing valid debt cannot forfeit the right to subject the property to the payment of his debt by an act done without his consent or connivance, or that of some person employed or trusted by him."

In Peavler et al. v. State, 79 Okla. 308, 193 Pac. 623, the 2nd paragraph of the syllabus is as follows:

"The unlawful use of an automobile to convey intoxicating liquors by one lawfully in possession of such conveyance does not forfeit the right of the owner to claim and retain such property when it appears that such conveyance was so unlawfully used without the consent, fault, or knowledge of its owner."

The remaining contention of plaintiff in error is that the court refused to allow the plaintiff in error's motion for trial by a jury. This question is not argued by the plaintiff in error on appeal. No authorities are cited to sustain this contention. Prior to the decision of Keeter v. State ex rel. Sayre, Co. Atty., 82 Okla. 89, 198 Pac. 866, it had been held by this court that an intervener, under the act of March 24, 1917 (S. L. 1917, p. 352), was not entitled to a jury trial to pass upon the rights of property. The opinion, however, in the Keeter Case, supra, overrules the opinion in One Cadillac Automobile, 1918 Model (Hargrove, Intervener) v. State, 75 Okla. 134, 182 Pac. 227, and the subsequent cases following the same, and announced the following rule:

"In an action for the forfeiture of property, under chapter 188 of the Session Laws of 1917, wherein the claimant of said property, or party interested in the same, files proper pleading, raising an issue of fact sufficient to constitute a defense to a right of the state to forfeit said property, such party is entitled to a jury trial, and it being provided in said act that the court may determine said action as a civil case, the court is authorized to proceed with said cause as provided for the trial of any other civil action."

The judgment of the trial court is, therefore, reversed, and cause remanded for further proceedings not inconsistent with the views herein expressed.

MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.