## COMMERCIAL CREDIT CO. v. STATE ex rel.

No. 20711.    Opinion Filed Dec. 6, 1932.

Young & Lewis and Clarence Mills, for plaintiff in error.

John C. Powell, Co. Atty., for defendant in error.

ANDREWS, J.    This cause is in this court on an appeal from a judgment of the county court of Murray county against the intervener therein, the Commercial Credit Company, a corporation, adjudging a certain Ford automobile to be forfeited under the provisions of section 1, chapter 188, Session Laws 1917, being section 7023, C. O. S. 1921. Hereinafter we will refer to the parties as the intervener and the plaintiff.

That such an intervention was authorized was held by this court in One Chrysler Coupe v. State, 146 Okla. 98, 293 P. 543.

The provisions of the statute in question are as follows:

"All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this state, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

Prior to the adoption of that statute there was no provision of our law for the forfeiture of an automobile. One Cadillac Automobile v. State, 68 Okla. 116, 172 P. 62; One Hudson Super-Six Automobile v. State, 70 Okla. 40, 173 P. 1137; Cox v. State, 70 Okla. 131, 173 P. 445; First Nat. Bank of Roff v. State, 72 Okla. 83, 178 P. 670; State v. One Ford Automobile, 73 Okla. 27, 174 P. 489, and Doc & Bill Furn. Co. v. State ex rel. Selby, Co. Atty., 83 Okla. 128, 200 P. 868. Aside from the statute under consideration, we know of no law of the state of Oklahoma providing for the forfeiture of an automobile used in violation of the prohibitory liquor law.

The record shows that one Howard (H. H.) Kirkpatrick purchased the automobile in question under a written contract show-

ing an unpaid purchase price indebtedness of $432.12, which was evidenced by a promissory note payable in twelve installments; that the sale contract was not filed for record in Pottawatomie county where the automobile was purchased; that the automobile was taken by Kirkpatrick to Murray county where it remained for more than 120 days prior to the seizure thereof on the 12th day of March, 1929; that the sale contract was not filed for record in Murray county until the 15th day of March, 1929, three days after the seizure of the car; that the car was being used in Murray county for the transportation of intoxicating liquors, in violation of the provisions of the prohibitory liquor law, by one Guy Self under such circumstances as to charge Kirkpatrick with knowledge of the illegal use thereof; that the intervener had no knowledge of the illegal use thereof and did not consent to the illegal use thereof; that the automobile was seized by the officers of Murray county while being so illegally used; that at the time of the seizure the intervener was the owner and holder of the note and all rights under the contract; that the officers of Murray county had no knowledge of the existence of the sale contract at the time of the seizure, and that the state of Oklahoma had no interest in the automobile other than that, if any, arising by virtue of the provisions of the statute in question.

The intervener was permitted to intervene in the action for the forfeiture of the car and after a hearing the trial court concluded that at the time of the seizure "the intervener had no valid subsisting lien in Murray county by reason of the fact that the same (the sale contract) was not recorded." That conclusion was erroneous.

There is a provision in our statute that such a lien "shall be void as against innocent purchasers, or the creditors of the vendee" (section 8551, C. O. S. 1921), and a provision that such a lien shall be "void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value" (section 7650, C. O. S. 1921), if the instrument is not filed in the office of the county clerk as provided by those sections, but there is no provision of our statutes requiring that a contract be filed in order to create or preserve a valid lien as against any one other than those named in the two sections. Frick v. Oates, 20 Okla. 473, 94 P. 682; Gibson v. Linthicum, 50 Okla. 181, 150 P. 908; Dabney v. Hathaway, 51 Okla. 658, 152 P. 77; Fiegel

v. First Nat. Bank, 90 Okla. 26, 214 P. 181; Jarecki Mfg. Co. v. Fleming, 123 Okla. 147, 252 P. 17, and Morgan v. Stanton Auto Co., 142 Okla. 116, 285 P. 962. By the decisions of this court, the classes named in the two sections have been limited. In Blevins v. W. A. Graham Co., 72 Okla. 308, 182 P. 247, they were limited to subsequent purchasers or incumbrancers "in good faith," and this court has uniformly held that actual notice of the existence of a lien defeats the right of a subsequent purchaser or incumbrancer although the instrument has not been filed in the office of the county clerk. Such was the holding in Blevins v. W. A. Graham Co., supra, and Moneyweight, Scale Co. v. Hale-Halsell Grocery Co., 57 Okla. 135, 156 P. 1187, wherein, with reference to a sale contract, this court held:

"* * * The filing of a contract of conditional sale with a register of deeds is constructive notice only of its existence; and if a party has actual notice of such conditional sale contract, the purpose of the statute is accomplished."

We so held in Security Nat. Bank v. Truscon Steel Co., 92 Okla. 81, 218 P. 665; Rock Island Implement Co. v. Fagerquist, 99 Okla. 282, 227 P. 117, and C. Cretors Co. v. McMillan, 106 Okla. 260, 234 P. 189. The reason for the rule is that the filing of a chattel mortgage or conditional sale contract in the office of the county clerk is not for the purpose of establishing or preserving a lien, but only for the purpose of giving constructive notice of the existence of a lien. National Bond & Inv. Co. v. Central Nat. Bank, 142 Okla. 96, 285 P. 828. Therein this court said:

"To constitute one a bona fide purchaser, three essential elements must be present: First, a valuable consideration; second, the absence of notice; and, third, the presence of good faith. It was stated by this court in the syllabus of the case of Berry v. Tolleson, 68 Okla. 158, 172 P. 630, that:

" 'If any one of these essential elements is lacking, a person is not a bona fide purchaser as the term is known to the authorities. 8 C. J. 1146.'

"Other recent cases by this court, declaring the same rule, are Brooks v. Tucker, 83 Okla. 255, 201 P. 643; Beam v. Farmers & Merchants Bank, 121 Okla. 164, 249 P. 325; and Filtsch v. McJunkins, 123 Okla. 181, 252 P. 437."

See, also, Morgan v. Stanton Auto Co., supra.

It is nowhere contended that the state of Oklahoma is a purchaser or incumbrancer

of the car under the provisions of either of the sections. The plaintiff contends that the state of Oklahoma is a creditor of Kirkpatrick and of the automobile under the provisions of each of the sections, and that, being a creditor of Kirkpatrick and of the automobile, the sale contract is void as to it for the reason that it was not filed. In support of that theory the plaintiff, in its brief, says that the state of Oklahoma became a creditor of Kirkpatrick at the moment of the seizure of the car by the officer and that it obtained a lien on the car at the moment of the seizure. Its claim to be a creditor is based on a statement that the term "creditor" has been held to be sufficiently comprehensive to include those holding claims arising out of tort. It assumes that a crime is a tort. In support thereof it cites Shelby v. Zeigler, 22 Okla. 799, 98 P. 989, wherein this court held that a party having a claim against a defendant growing out of a tort, independent of any contract, is a creditor. Nothing in that opinion holds that the state is a creditor of everyone who commits a crime or of the thing with which the crime is committed. The definitions of "creditor" furnished by the plaintiff have no application in Oklahoma for in this state "debtor" is refined by the provisions of section 6016, C. O. S. 1921, as follows:

"A 'debtor', within the meaning of this chapter, is one who, by reason of an existing obligation, is or may become, liable to pay money to another, whether such liability is certain or contingent."

"Creditor" is defined by the provisions of section 6017, C. O. S. 1921, as follows:

"A 'creditor,' within the meaning of this chapter, is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money,"

—and "debtor" and "creditor" are defined by the provisions of section 3535, C. O. S. 1921, as follows:

"Except as defined and used in sections 6016, 6017, every one who owes to another the performance of an obligation is called a debtor, and one to whom he owes it is called a creditor."

Our attention is called to no decision of this court, and we know of none, holding that under those definitions the state becomes a creditor of an individual when the individual violates the law of the state or of a thing used in the violation of the law. If the state is a creditor of Kirkpatrick or of the automobile, what is the amount of the debt? The answer shows the fallacy

of the argument. Neither Kirkpatrick nor the automobile is a creditor of the state. As to the intervener, under the uniform decisions of this court, the state had no authority to forfeit the car. As we stated in One Hudson Super-Six Automobile v. State, supra,

"The law as announced in the case of United States v. One Cadillac Automobile, 255 Fed. 173, seems to be the universal rule in the interpretation of statutes governing forfeitures, and is as follows:

" 'A statute imposing a forfeiture should be strictly construed and in a manner as favorable to the person whose property is to be seized as is consistent with the fair principles of interpretation.' Chicago, etc., R. v. People, 67 Ill. 11, 16 Am. Rep. 599; Nicklas v. Rathburn (Ore.) 139 P. 567."

We have never held to the contrary.

It is not necessary to determine whether the sale contract is a chattel mortgage within the meaning of section 7650, supra, or whether it is a conditional sale contract within the meaning of section 8551, supra, for it was either the one or the other. For that reason we will not attempt to analyze the decisions of this court in Tague v. Guaranty State Bank of Drumright, 82 Okla. 197, 202 P. 510, and Phelan v. Stock Yards Bank, 134 Okla. 13, 276 P. 175, further than to state that in neither of those cases was it held that a conditional sale contract must be filed in order to protect the title or lien against any one than "creditors of the vendee or innocent purchasers for value."

Under the facts in this case, we are not concerned with the question of when a forfeiture takes effect, for the reason that there is no authority of law for a forfeiture in this case.

The decision of the Supreme Court of the United States in United States v. Stowell, 133 U. S. 1, 33 L. Ed. 555, had therein under consideration the provisions of section 3450, Revised Statutes (Compiled Statutes, section 6352) of the United States. That is a statute to protect the revenue of the government. The basis of that decision was that the property is the offender and that the property is liable to forfeiture, without regard to the guilt or innocence of the owner of the property. Such a construction of the provisions of that section has been uniformly followed by that court. In Goldsmith-Grant Co. v. United States, 254 U. S. 505, following the same rule, it was said:

"It is the illegal use that is the material

consideration, it is that which works the forfeiture, the guilt or innocence of its owner being accidental."

Such is not the rule with reference to property used in violation of the National Prohibition Act (41 Stat. 305). With reference thereto it was said in United States v. Sylvester, 273 Fed. 253:

"Discussion of the principles of law found in U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555, U. S. v. Mincey, 254 Fed. 287, 165 C. C. A. 575, 5 A. L. R. 211, Logan v. U. S., 260 Fed. 746, 171 C. C. A. 484, U. S. v. One Saxon Automobile, 257 Fed. 251, 168 C. C. A. 335, and similar cases, are not germane, as prosecutions in those cases arose under section 3450 of the Revised Statutes (Comp. St. sec. 6352) which is a statute to protect the revenue of the government, and provides that the 'conveyance * * * used * * * in the removal * * * shall be forfeited.' No provision whatever is made to protect bona fide innocent vendors, or even owners. The conveyance is confiscated, and the confiscation is absolute, whether or not good cause is shown to the contrary; nor does it offend against the Fifth Amendment to the Constitution, which prohibits the taking of life, liberty, or property without due process of law. Grant Co. v. United States of America, 254 U. S. 505, 41 Sup. Ct. 189, 65 L. Ed. 376, decided by the Supreme Court on January 17, 1921"

—and the rule with reference to property used in violation of the National Prohibition Act was therein stated to be:

"First. The seizure, forfeiture, and sale of vehicles is not absolute, as under section 3450 of the Revised Statutes, but is subject to the order of court after it has heard all the facts of each case.

"Second. An owner who transports intoxicating liquor illegally forfeits the intoxicating liquor and the vehicle and suffers a penalty.

"Third. A conditional vendor or a mortgagee, who allows the vehicle to be used for such unlawful purpose with his knowledge, or who gives his consent to the illicit transportation, shall also forfeit all interest in or his lien upon the vehicle.

"Fourth. A bona fide vendor or mortgagee without having any notice that the vehicle was being used or was to be used for the illegal transportation of intoxicating liquor, shall be protected to the amount of his bona fide lien, as far as possible.

"Fifth. The owner of a vehicle, who loaned it to another, who, in turn, transported intoxicating liquor therein, is entitled to a return of the vehicle, where he had no knowledge of the purpose of the borrower, and no facts are shown which should have aroused his suspicion.

"Sixth. In the second and third instances, the vehicle shall be sold by the United States marshal at public auction, and after the costs are paid as provided by law then the balance of the proceeds of the sale shall be turned into the treasury of the United States.

"Seventh. In the fourth instance after the bona fide lien and lack of notice or knowledge have been established, the vehicle shall be sold at public auction and after the costs, as provided by law, have been paid, the United States marshal shall then pay, if possible, the amount of the bona fide lien in full to the proper person, and the balance, if any, shall be turned into the treasury of the United States."

That the revenue rule is not applicable to the section of our statute under consideration is shown by the decision of this court in One Hudson Super-Six Automobile v. State, 77 Okla. 130, 187 P. 806, wherein this court, in construing the provisions of section 1, ch. 188, Session Laws 1917, said:

"Under this rule of construction, both the state and federal courts have refused to order a forfeiture of property of an innocent person because used by others to unlawfully transport liquors, except where the Legislature has expressly and unequivocally declared—such as expressed in the Arkansas statute, supra, which provided that no property right shall exist in the property so used, and the federal statute of 1917, supra, which provided for a forfeiture 'irrespective of ownership.' It seems that the court, in sitting in judgment upon this class of property, subject to forfeiture under these particular statutes, and all other forfeiture except the provisions relating to the enforcement of revenue, have refused to hold as subject to forfeiture property designed for and used in transporting generally, when used in conveying intoxicating liquors contrary to law, by one to whom it has been let for an innocent purpose, the owner being without fault, or by one who has executed prior thereto a bona fide chattel mortgage, the mortgagee being without notice and without fault, on the theory that to hold otherwise would be to ascribe to the legislative department an indifference to fundamental constitutional principles not warranted so long as another construction is possible."

—and concluded:

"In view of the foregoing authorities we are constrained to hold that in the enactment under construction it was the intent of the Legislature to except from the operation thereof the property of innocent owners of (or) mortgagees, and that the judgment of the trial court against the plaintiff

in error, First National Bank of Cushing, should be reversed."

That was the decision upon which the subsequent decisions of this court have been based. The rule applicable under the Federal Revenue Law is not applicable to the statute under consideration. Such was the effect of the holding in Boles v. State, 77 Okla. 310, 188 P. 681.

This court has repeatedly held that there cannot be a forfeiture of property where it was used without the knowledge or the consent of the owner of the property or the owner of a valid lien thereon. Such was the holding in One Hudson Super-Six Automobile v. State, supra, Boles v. State, supra, Peavler v. State, 79 Okla. 308, 193 P. 623, Hoskins v. State, 82 Okla. 200, 200 P. 1,68, One Ford Automobile v. State, 92 Okla. 29, 217 P. 460, and Conner v. State, 94 Okla. 67, 221 P. 418. A forfeiture, therefore, does not arise by reason of the use of the property. The forfeiture arises by reason of the illegal act of the user of the property. As stated in United States v. Sylvester, supra:

"When a defendant is arrested for transporting intoxicating liquor, and the vehicle is seized, what is to be done with it depends upon what interest the defendant has in it. If he had no interest—that is, if he had stolen it, or had borrowed it from its real owners, who neither knew nor could be presumed to have knowledge of the illegal purpose for which it was to be used—manifestly the wrongdoer had no interest to forfeit, and it logically follows, under the provisions of the act, that the vehicle should be returned to its rightful owner, by order of court. If, on the other hand, the wrongdoer had an interest in the vehicle, his interest should be confiscated and the vehicle ordered sold. What, then, is to become of the interest of the conditional vendor or the interest of the mortgagee? Are such persons to lose their interest in the vehicle or the value of their property right? The answer is a negative one, and is found in the provisions of section 26, which guard against such loss, as far as possible."

That has been the theory under which this court has refused to approve a forfeiture of property where it was used without the knowledge or the consent of the owner of the property or the owner of a valid lien thereon. The property is forfeited when the court orders it forfeited and the order of the court becomes a final judgment. Until that time it is not forfeited, and, though the court has made an order of forfeiture, under the rule stated in One Chrysler Coupe v. State, supra, an intervention may thereafter be permitted for the purpose of determining the rights of an intervener therein.

It is not necessary to discuss the finding of the court as to the amount unpaid on the purchase price of the car for the reason that it has been stipulated that, in the event of reversal, the intervener may retain the entire proceeds received by it from the sale of the car.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to deny the prayer of the plaintiff for forfeiture of the car and to order the same delivered to the intervener.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., absent. CULLISON and KORNEGAY, JJ., dissent.