This cause is in this court on an appeal from the judgment of the county court of Pushmataha county against the intervener therein, the General Motors Acceptance Corporation, a corporation, adjudging a certain Oakland coupé automobile to be forfeited under the provisions of section 1, c. 188, Session Laws 1917, being section 2646, O. S. 1931. Hereinafter we will refer to the parties as the intervener and the state of Oklahoma.
The action was commenced in the county court of Pushmataha county, Okla., by the filing of an information by the county attorney of said county designating the state of Oklahoma as plaintiff and the Oakland automobile as defendant. General Motors Acceptance Corporation filed in such original action its plea of intervention claiming to be the owner of said automobile or to have a lien thereon for the balance of the purchase price by virtue of a conditional sales contract; the said intervener further claiming that said automobile was so unlawfully used without its knowledge or consent.
The record in this case discloses that the automobile involved herein was sold by Vim Rye Motor Company on the 27th day of February, 1931, to Nanny A. Blankenship, and that said car was delivered to the said Nanny A. Blankenship in Fort Smith, Ark., and that at the same time and place the said conditional sales contract was executed and delivered by the said Nanny A. Blankenship to the Vim Rye Motor Company, and that the same constitutes and evidences the balance due on the purchase price of said automobile; that Nanny A. Blankenship lived and resided in Arkoma, Le Flore County, Okla., just across the line from Fort Smith, Ark.; that immediately after the execution and delivery of said conditional sales contract the same was sold and transferred for value by the Vim Rye Motor Company to the General Motors Acceptance Corporation, the intervener herein; that there is due and unpaid on said purchase price of said car and on said conditional sales contract the sum of $615 together with interest and attorney's fee as provided in said contract; that said automobile was seized in Pushmataha county, Okla., on the 14th day of April, 1931; that at the time of said seizure said automobile contained approximately 50 gallons of intoxicating liquor; that neither Vim Rye Motor Company nor General Motors Acceptance Corporation or its agents, servants, or employees knew or had any knowledge of the unlawful use of said car until after its seizure; that said conditional sales contract was executed in strict conformity to the laws of the state of Arkansas, and that under the laws of the state of Arkansas it was not necessary for an instrument to be filed or recorded in order to give notice thereof to third parties; that said conditional *Page 356 
sales contract was never filed in Le Flore county, Okla., or anywhere in the state of Oklahoma, until after the seizure of said car.
Upon this statement of facts and after a hearing thereon the trial court concluded and found that at the time of the seizure the intervener had no valid subsisting lien by reason of the fact that the sales contract was not recorded. This conclusion was erroneous.
It is the contention of the state of Oklahoma that under the facts in this case it became an incumbrancer on the automobile under the provisions of section 11277, O. S. 1931, which reads as follows:
"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated."
This court has passed upon the identical question presented herein since this case was tried in the lower court. In the case of Commercial Credit Company v. State ex rel., 160 Okla. 201, 16 P.2d 879, this court held:
"The holder of a valid lien on an automobile may intervene in a proceeding to forfeit an automobile under the provisions of section 1, chapter 188, Session Laws 1917 (section 7023, C. O. S. 1921), for the purpose of saving his lien thereon and preventing a forfeiture of his rights therein.
"A conditional sale contract duly executed is void only as against innocent purchasers or the creditors of the vendee (section 8551, C. O. S. 1921), and there is no requirement that a conditional sale contract shall be filed in order to preserve the lien created thereby as against any one other than those named.
"To constitute one a bona fide purchaser, three essential elements must be present: First, a valuable consideration; second, the absence of notice; and, third, the presence of good faith. If any one of those essential elements is lacking, a person is not a bona fide purchaser.
"The state of Oklahoma is not a creditor of an automobile used in the illegal transportation of intoxicating liquors, or of one who so uses an automobile, within the meaning of section 7650 or section 8551, C. O. S. 1921."
"This court has repeatedly held that there cannot be a forfeiture of property where it was used without the knowledge or the consent of the owner of the property or the owner of a valid lien thereon. Such was the holding in One Hudson Super-Six Automobile et al. v. State, supra [70 Okla. 40, 173 P. 1137]; Boles et al. v. State, supra [77 Okla. 310,188 P. 681]; Peavler v. State, 79 Okla. 308, 193 P. 623; Hoskins v. State ex rel. Crowder, 82 Okla. 200, 200 P. 168; One Ford Car v. State,92 Okla. 29, 217 P. 460, and Conner v. State, 94 Okla. 67, 221 P. 418."
For the reasons herein stated, the cause is reversed and remanded, with directions to dismiss the forfeiture proceedings.
The Supreme Court acknowledges the aid of Attorneys E. J. Meacham, F. R. Blosser, and Jess C. Wesner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by E. J. Meacham and approved by Mr. F. R. Blosser and Mr. Jess C. Wesner, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.