*In re* Truskett.

---

## *In re* A. A. TRUSKETT, *Applicant.*

### No. 17,647.

#### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Felony—Stay of Execution—Bail as a Matter of Right.* Under the statute relating to stay of execution in criminal cases (Crim. Code, § 287) a defendant convicted of felony is entitled to bail as a matter of right. The stay pending the time allowed for making and filing a bill of exceptions shall be granted by the trial court or judge, who shall fix and approve the bond; or the stay during that period may be granted by this court, or one of its members, who shall fix and approve the bond. In default of bail the defendant shall remain in the custody of the sheriff. When an appeal has been perfected the stay shall be granted on the defendant's giving bond, which this court or one of its members shall prescribe and approve.

2. ——— *Felony—Supreme Court Has Power to Direct Disposition of Defendant Pending Appeal.* Under the general grant to this court of power to stay proceedings in the lower court pending an appeal (Gen. Stat. 1909, § 2362) this court has authority to order a defendant convicted of felony to be kept in the custody of the sheriff, in default of bail, pending his appeal.

*In re* Truskett.

Application for bail. Opinion filed May 6, 1911. Bail allowed.

S. H. *Piper*, and *Charles D. Welch*, for the applicant.

*John S. Dawson*, attorney-general, *Hal R. Clark*, county attorney, and *Stanford & Stanford*, opposing.

The opinion of the court was delivered by

Burch, J.: On March 29, 1911, the defendant was found guilty of murder in the second degree, and on the 8th of April following he was sentenced to confinement at hard labor in the penitentiary for the term of his natural life. When he was sentenced he was granted until April 25 to make and file a bill of exceptions upon which to base an appeal. At the same time he applied to the district court to be admitted to bail, pending the preparation and filing of a bill of exceptions. The application was refused and he was ordered to be kept in confinement in the county jail. On April 17, he applied to this court to be admitted to bail. The application was granted and the amount of the bond to be given was fixed at $50,000. Pending the approval of a bond which the defendant tendered the state moved to set aside the order of this court on the ground that the defendant is not entitled to bail as a matter of right after conviction, and reasons were advanced why any discretionary power which the court may possess in the matter should not be exercised. The motion was denied and the bond was approved. The question presented by the motion of the state is of such importance that the reasons for this court's action in the premises should be formally stated.

The constitution provides that all persons shall be bailable by sufficient sureties except for capital offenses where proof is evident or the presumption great. (Bill of Rights, § 9.) Since the abolition of capital punishment there are no capital crimes in this state;

consequently, under the constitution all persons are now bailable by sufficient sureties. If, however, bail be allowed after conviction and pending an appeal, execution of the judgment must necessarily be stayed. It is argued by the state that the constitution contemplates no such result. On the other hand, it is said that no punishment for crime should be inflicted until guilt is finally established, and consequently that the plain provision of the constitution should be given its full and natural effect. Leaving this question at one side the statutory provisions relating to stay of execution in criminal cases may be examined.

The criminal code of 1859 was continued in force in the revision of 1862, and contains the following section:

"An appeal to the supreme court from a judgment of conviction, does not stay the execution, except when the judgment is for a fine or fine and costs only, in which case the execution may be stayed by an order of the supreme court or a judge thereof." (Compiled Laws 1862, ch. 32, § 270.)

In 1868 this section was modified to read as follows:

"An appeal to the supreme court, from a judgment of conviction, does not stay the execution, except when the judgment is for a fine, or fine and costs, only." (Gen. Stat. 1868, ch. 82, § 287.)

The law stood thus until 1889, when section 287 of chapter 82 of the General Statutes of 1868 was amended to read as follows:

"An appeal to the supreme court from a judgment of conviction shall stay the execution, when the judgment is for a fine, or fine and costs only. In all other cases the execution of the judgment shall be stayed by the order of the supreme court, or any justice thereof, upon the appellant giving bond in such sum as said court or justice shall prescribe, said bond to be approved by said court or any justice thereof; and in default thereof the defendant shall remain in the custody of the sheriff until the further order of the supreme court; provided, that when the conviction is for an offense not bailable the supreme court or a justice

thereof shall make an order for the safe-keeping of the appellant in the jail of the county in which the offense was alleged to have been committed, or in case of no sufficient jail in such county, then in the jail of the county nearest having a sufficient jail." (Laws 1889, ch. 127, § 2, Gen. Stat. 1901, § 5725.)

By this act the stay of execution when the judgment is for a fine or for a fine and costs only is stated in positive form. In all other cases execution of the judgment shall be stayed. The stay is effected by order of this court, or of some justice thereof, upon the defendant's giving a bond which the court or some justice shall prescribe. The bond is indisputably a bail bond. If the bond required can not be given provision is made for the custody of the defendant, and when the offense is not bailable the defendant does not go to the penitentiary, but an order shall be made by this court or one of its members for his safe-keeping in the county, or other sufficient, jail. This statute is clearly mandatory. Every call for action on the part of the court or its members is imperative, and there is no intimation that discretion may be exercised over any matter except the amount and sufficiency of the bond. Upon application by the defendant the duty arises to fix the amount of bail required, and upon giving a sufficient bond in the proper amount the defendant is entitled to a discharge from custody as a matter of right whenever the offense is bailable.

In 1903 the following appeared on the statute book as an amendment to the act of 1889:

"That section 5725 of the General Statutes of 1901 be and the same is hereby amended so as to read as follows: Sec. 5725. An appeal to the supreme court from a judgment of conviction shall stay the execution when the judgment is for a fine or fine and costs only. In misdemeanor cases, the execution of the judgment shall be stayed by the order of the court trying the case or the judge thereof, upon the appellant giving bond in such sum as said court or judge shall prescribe, said bond to be approved by the clerk of said court,

*In re* Truskett.

and the stay shall be granted on serving the usual no-tice of appeal, and the transcript may be filed in the supreme court at any time within ninety days after the rendition of the judgment, and not otherwise. If the transcript is filed within the prescribed time, then the stay shall continue to be in force until the case is finally disposed of in the supreme court, but not other-wise. In felony cases, the execution of the judgment or sentence shall be stayed by the judge of the trial court wherein the conviction was had, pending the time given by said trial judge or court to the defend-ant for the making and filing a bill of exceptions, or by the order of the supreme court or any justice there-of, upon the appellant giving bond in such sum as said trial court or supreme court shall prescribe, said bond to be approved by said trial court, or the supreme court or any justice thereof. During the time given for the making and filing a bill of exceptions, the defendant shall remain in the custody of the sheriff, unless other-wise ordered by the trial court or supreme court; pro-vided, that when the conviction is for an offense not bailable, the trial court or supreme court or the justice thereof shall make an order for the safe-keeping of the appellant in the jail of the county in which the offense was tried, but in case of no sufficient jail in such county, then in the jail in the county nearest having a sufficient jail; provided further, that the appellant availing himself of the benefit of this act shall take his bill and file the transcript with the clerk of the supreme court within two years from the rendition of the judgment or such sentence." (Laws 1903, ch. 389, § 1, Gen. Stat. 1909, § 6861, Crim. Code, § 287.)

The bill resulting in this act was House Bill No. 808, introduced by Mr. Kirkpatrick, which reads as follows:

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That section 5725 of the General Stat-utes of 1901 be, and the same is hereby amended so as to read as follows:

"SECTION 5725. An appeal to the Supreme Court from a judgment of conviction shall stay the execution when the judgment is for a fine or fine and costs only. In misdemeanor cases the execution of the judgment shall be stayed by the order of the Court trying the case or the judge thereof, upon the appellant giving

bond in such sum as said Court or judge shall prescribe, said bond to be approved by the Clerk of said Court, and the stay shall be granted on serving the usual notice of appeal and the transcript may be filed in the Supreme Court at any time within ninety days after the rendition of the judgment, and not otherwise. If the transcript is filed within the prescribed time, then the stay shall continue to be in force until the case is finally disposed of in the Supreme Court but not otherwise. In felony cases the execution of the judgment shall be stayed by the order of the Supreme Court or any justice thereof, upon the appellant giving bond in such sum as said Court or justice shall prescribe, said bond to be approved by said Court or any justice thereof. The defendant shall remain in the custody of the sheriff until the further order of the Supreme Court, provided that when the conviction is for an offense not bailable the Supreme Court or a justice thereof shall make an order for the safe-keeping of the appellant in the jail of the County in which the offense was tried, or in case of no sufficient jail in such County, then in the jail in the county nearest having a sufficient jail; and provided further that the appellant availing himself of the benefits of this Act shall take his appeal within sixty days after the judgment is rendered and shall file the transcript with the Clerk of the Supreme Court within 90 days from rendition of such judgment. The order to stay execution of the judgment may be made as soon as the notice of appeal is given and if the transcription is filed in the Supreme Court within the time herein provided, the stay shall continue until the final disposition of the case in said Court but not otherwise." (Original Bill in Office of Secy. of State.)

The bill was passed by the house in this form and sent to the senate. On third reading in the senate Senator Cubbison moved to amend by inserting after the word "otherwise" all that part of section 1 as it now appears on the statute book which begins with the words "In felony cases." (Senate Jour. 1903, p. 953.) Under the statute of 1889, and under the original house bill, which retained the full substance of the act of 1889, no provision was made for bail pending

the making and filing of a bill·of exceptions in felony cases. Sometimes defendants were rushed to the penitentiary before the bill of exceptions could be prepared and filed, the complete record made up and an appeal taken in the orderly way, which would give this court jurisdiction to admit to bail. Whenever such action was feared the defendant was obliged to appeal at once on a skeleton record, and afterward, when the bill of exceptions had been settled and filed, bring up the complete transcript. Senator Cubbison's amendment was designed to prevent this oppression of a defendant convicted of a felony during the time necessary to prepare the record for an appeal, and it covered the subject completely, even to the matter of safekeeping in the county jail in the case of a nonbailable offense, and to the time within which the bill must be taken and the transcript filed in this court. It was not intended that any part of the house bill should be stricken out. The bill as framed by Mr. Kirkpatrick, with the amendment of Senator Cubbison, comprised a complete code relating to stay of execution and bail after conviction. It covered judgments for fine or for fine and costs only, misdemeanor cases, felony cases during the time allowed to prepare and file a bill of exceptions, and felony cases after appeal to this court. The legislature desired, beyond any doubt, to pass the bill in this form and thereby to make admission to bail after conviction a matter of right in all bailable cases, and to prevent any person convicted of a bailable felony from being incarcerated in the penitentiary until after his appeal had been determined. This, however, is what happened: Some clerk conceived that the Cubbison amendment was intended as a substitute for that part of the house bill beginning "In felony cases" and continuing to the end of the bill; therefore he crossed out that part of the house bill. The Cubbison amendment was adopted, the bill as amended was passed by the senate, the house of representatives

concurred in the amendment, and the bill was signed and published as it now appears.

Of course, it must be held that the legislature intended to pass the act in the form disclosed by the enrolled bill. But the purpose which the legislature intended the act should accomplish is too clear to be doubted. If the legislative record were less instructive it would be idle to say that the intention was to make elaborate provision for bail during the time allowed for making and filing a bill of exceptions and then to cut off bail as soon as a defendant perfects his record for an appeal. Keeping the legislature's evident purpose in mind, it does no violation to the terms of the act to interpret it as follows: In felony cases the execution of the judgment or sentence shall be stayed upon the giving of a bond. The stay shall be granted by the trial judge or court pending the time allowed for making and filing a bill of exceptions, the bond to be approved by such court or judge; or the stay during that period may be granted by this court, or one of its members, who shall fix and approve the bond. Meanwhile the defendant remains in the custody of the sheriff unless otherwise ordered by a discharge on bail. On an appeal being taken the stay shall be granted upon the appellant giving bond in such sum as this court or one of its justices shall require and approve.

Although it is mandatory that the defendant shall, in default of bail, remain in the custody of the sheriff pending the making and filing of a bill of exceptions, there is no express provision that after appeal the defendant shall remain in the custody of the sheriff if he is unable to give the bond prescribed by this court. This court, however, has authority to make such an order under the general grant to it of power to suspend proceedings in the court below, on such terms as may be just, during the pendency of an appeal. (Gen. Stat. 1868, ch. 27, § 1, Gen. Stat. 1909, § 2362.)

In view of the manifest legislative purpose that imprisonment in the penitentiary shall not follow a judgment of conviction until that judgment has been affirmed on appeal, if an appeal be taken, the court always exercises its discretion accordingly.

While it requires a somewhat robust interpretation to make the words used in the statute of 1903 express the true legislative intention, that intention ought not to be thwarted by a clerk's officiousness or blunder in making up the record. Therefore the court has uniformly adhered to the interpretation stated above ever since the statute was enacted.

In any view of the statute the defendant in this case was entitled to bail as a matter of right during the time allowed for making and filing his bill of exceptions. Because applications to this court for bail and for orders for keeping in the custody of the sheriff have frequently been resisted, and because of an intimation at the hearing that such application would be resisted, if made, in this case, the court has deemed it best to announce its settled opinion respecting the entire scope and purpose of the act.