No. 22,769.

THE STATE OF KANSAS, *Appellee,* v. DOC WARD, *Appellant.*

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Conviction—Appeal—No Appeal Bond Given—Stay of Execution—Prisoner in Custody of Sheriff.* Although in the code of criminal procedure provision is made for a stay of execution on appeal only upon the giving of a bond, this court, under its general authority to suspend further proceedings in the court below, may direct that the defendant in default of bond shall remain in the custody of the sheriff pending the final decision.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed January 6, 1920. Stay of execution pending appeal granted.

*S. S. Alexander,* of Kingman, for the appellant.

*R. J. Hopkins,* attorney-general, and *Clark A. Wallace,* county attorney, for the appellee.

*Per Curiam:* Doc Ward, having been convicted of robbery in the first degree, was on December 13, 1919, sentenced to serve not more than twenty-one years in the penitentiary. He at once perfected an appeal. The district court has fixed the bond required for his release pending the hearing at $4,000, which he has not yet given. He now applies to this court for an order staying the execution of the sentence and providing that in default of bond he shall remain in the custody of the sheriff. Such orders have been granted under the statutes as they existed prior to 1915. (*In re Truskett,* 84 Kan. 869, 115 Pac. 575.) In that year, however, the statute relating to the stay of execution on appeal in criminal cases was amended (Laws 1915, ch. 266, § 3, Gen. Stat. 1915, § 8206) and no decision has heretofore been made by this court as to whether or not such right has been affected by the amendment. That question arises upon the present motion.

In 1889 the section of the criminal code relating to appeals was amended so as to include a provision that in default of bond the defendant should remain in custody of the sheriff. (Laws 1899, ch. 127, § 2.) In a revision of the section in 1903 this provision was omitted. As was explained in the opinion in *In re Truskett,* the legislative history of this amendment showed clearly that a curtailment of the defendant's privileges had not been intended. The section in its present form is much simplified, and merely provides (in felony cases) for a stay of execution upon the giving of a bond. The omission of the somewhat complicated features of the old law was apparently due to a desire to get rid of verbiage rendered unnecessary by the civil appellate practice having been made applicable in criminal appeals, rather than to a change of policy. As no express proviso for the appellant's remaining in charge of the sheriff in default of bond was included in the old act, the failure to insert it in the new one is not especially significant. The general provision of the statute empowering this court to suspend proceedings in the court below during the pendency of an appeal (Gen. Stat. 1915, § 2926), which was invoked in the Truskett case, remains unchanged. That a considerable interval must elapse between the taking of an appeal and its decison is due to the time that is necessary for its orderly presentation and consideration, and not to any fault

of the appellant. If on an appeal in a felony case the judgment is reversed, and the defendant has in the meantime, by reason of his inability to give a bond, been incarcerated in the penitentiary, he will have suffered an ignominy because of his poverty, to which he would not otherwise have been subjected. That is a result to be avoided unless clearly made mandatory by the statute. We conclude that the court has not been deprived of its power to order the defendant to remain in the custody of the sheriff in default of giving a bond.

The application is granted.