## ONE FORD CAR et al. v. STATE.

No. 14138—Opinion Filed July 24, 1923.

1. **Intoxicating Liquors—Forfeiture of Conveyance—Sufficiency of Complaint.**

In the forfeiture proceeding under section 7023, Compiled Laws of 1921, the gist of the offense is the use of the conveyance for the unlawful transporting of intoxicants from one point to another in the state. If the complaint fails to allege from what point, if known, and if unknown it must be so alleged, and to what point the liquor was transported, it does not state a cause of action and is fatally defective.

2. **Same—Issues and Proof.**

In a forfeiture proceeding under section 7023, Compiled Laws of 1921, the state must prove from what point, if known, and if unknown it must be so alleged, and to what point in the state of Oklahoma, the liquor was transported. If the state fails to show these facts, a judgment for forfeiture of the property should be denied.

3. **Same—Insufficiency of Proof.**

If a judgment for the forfeiture of a conveyance is not supported by the proof required in the preceding paragraph, it will be reversed on appeal.

4. **Same.**

We have examined the record, and do not find the required proof for forfeiture of the automobile under section 7023, Compiled Laws of 1921.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Cleveland County; George Allen, Judge.

Action by the State of Oklahoma to forfeit one Ford car; W. B. Wild, intervener. Judgment for forfeiture. Defendant and intervener bring error. Reversed and remanded, with directions.

Williams & Luttrell, for plaintiffs in error.

N. W. Gore, Asst. Atty. Gen., for the State.

Opinion by STEPHENSON, C. J. D. Holland, the duly elected and acting county attorney of Cleveland county, in the name of the state of Oklahoma, informed against one Ford car, in the county court, to forfeit the property for alleged violation of the prohibitory law. W. B. Wild intervened in said cause, alleging that he was the owner of the car, and that it had not been used in violation of the provisions of section 7023, Compiled Statutes of 1921. The cause was submitted for trial in the county court at the January, 1923, term of the court, in which judgment was entered against the car for forfeiture. The adverse parties have appealed from the judgment of forfeiture to this court, assigning error: (a) Error of the court in refusing to sustain intervener's demurrer to the complaint: (b) failure to sustain demurrer of the plaintiffs in error to the evidence.

The information merely stated that the car was used in transporting whisky, without alleging that the point or place was un-

known from which the intoxicant was transported, and failed to allege the place to which it was transported. W. B. Wild, the intervener, was a University student and owned the car in question. The car was being operated for the intervener as a service car at the time of the alleged offense. The evidence of the state is, in substance, that on the night of January 13th, the car was driven in front of the Tee Pee, near the University, by W. B. Wild and Jack Williams, who operated the car for the owner. The car was parked near the curbing, Williams remaining in the car. Wild alighted from the car and went into the Tee Pee, where he remained for a few minutes. Mr. Wilhite returned from the Tee Pee with Wild to the car. The latter went around in front of the car to start the engine. Wilhite entered the car and sat on the back seat. The witnesses for the state, who were on the opposite side of the street, testified that Williams, who was on the front seat, slightly leaned toward the back of the car. The witnesses then stated they saw Wilhite raise a flask, apparently to drink from the same. At this point the witness called to the occupants of the car, and they saw Wilhite hand something toward Williams, and when they arrived at the car they found a flask of whisky near the foot of Williams in the front of the car. The intervener, Wild, testified that as he and Wilhite returned from the Tee Pee, Wilhite advised him that a pint of whisky had been left near the car and by the curbing for him (Wilhite). Wild further testified that he saw Wilhite take something wrapped in a newspaper from near the curbing, some four or five feet from the car, and that he went around in front of the car to start the engine. He further testified that he saw Wilhite start toward the door of the car, but that he did not know that it was his intention to enter the car, or that he had entered the car until the officers called to the occupants of the car. Section 7023, Compiled Statutes 1921, under which this action is prosecuted, prohibits the use of vehicles, including automobiles and other means, from transporting any liquor, the sale of which is prohibited by the laws of the state, from one place to another in this state, in violation of the laws thereof. The section further provides that the offending means used for transporting shall be forfeited. The section makes the gist of the action the transporting from one point to another point in the state. The section does not make it a cause for forfeiting an automobile merely upon the fact that whisky was found in the car or vehicle, unless the proof

further shows that the vehicle or automobile was used in transporting the whisky from one place to another place within the state. The information further failed to allege that the transporting occurred within Cleveland county. The information is fatally defective (a) for the reason that it fails to show venue of the action, if any, within Cleveland county; ((b) because the information fails to allege the place from and to which the alleged intoxicant was · transported. If the place of origin is unknown, the pleader must so allege. Hatfield v. State, 14 Okla. Cr. 514, 173 Pac. 531.

The evidence on the part of the state and Wild fails to show that the latter knew that Wilhite intended to, or was taking the whisky into the car. In order to support the confiscation of the automobile in question it is incumbent upon the state to prove by competent evidence that the owner voluntarily permitted the property to be engaged in an unlawful transportation. Hoskins v. State ex rel. Crowder, 82 Okla. 200, 200 Pac. 168; Peavler v. State, 79 Okla. 308, 193 Pac. 623.

The evidence wholly failed to establish a violation of section 7023, relating to the unlawful transporting of intoxicants, and what has been said with reference to the defective condition of the complaint applies to the evidence. The demurrer to the evidence ought to have been sustained, and the cause dismissed for the . reason that no offence was proven against the automobile

The Attorney General has filed a confession of error in this cause, admitting error on the part of the court in failing to sustain demurrer to the complaint, and to the evidence. An examination of the complaint and the evidence shows that the Attorney General is wholly justified and warranted in filing the confession of error.

It is therefore recommended that this cause be reversed and remanded, with directions to dismiss the forfeiture proceedings.

By the Court: It is so ordered.