## ONE FORD TOURING CAR v. STATE.

No. 13187—Opinion Filed Sept. 16, 1924.

### Appeal and Error—Reversal on Confession of Error.

The confession of error filed herein by the Attorney General, being well founded in law, upon the record in this case, it is recommended that the cause be reversed and remanded.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Beaver County; H. D. Meese, Judge.

Action by the State of Oklahoma against One Ford Automobile for unlawful use in transporting intoxicants. Elick Buffalo intervened. Judgment for plaintiff and defedant brings error. Reversed and remanded.

Chas. Swindall, for plaintiff in error.

Geo. F. Short, Atty. Gen., and M. W. McKenzie, Asst. Atty. Gen., for defendant in error.

Opinion by STEPHENSON, C. Under section 7023, Comp. Stat. 1921, the county attorney of Beaver county commenced forfeiture proceedings in the county court against one Ford automobile, for unlawful use in transporting intoxicants. The county attorney filed information in the following language:

"Comes now the plaintiff, and for cause of action against the defendant alleges and states: That one Elick Buffalo did in Beaver county, state of Okla., on the 11th day of November, 1921, unlawfully, willfully, knowingly and intentionally transport intoxicating liquors in said automobile in the aforesaid county and state, contrary to and in violation to the laws of the state.

"Wherefore plaintiff prays that said automobile be forfeited to the state of Oklahoma pursuant to the provisions of chapter 188, Session Laws of 1917."

Thereafter Elick Buffalo intervened in the cause and filed general demurrer to the information, which was overruled by the court. The intervener filed his answer, alleging that he was the owner and entitled to the possession of the same. The intervener objected to the introduction of any evidence in the trial of the forfeiture proceedings, for the reason the information did not state a cause of action in favor of the state to forfeit the property. The court overruled the objection of the intervener and proceeded in the trial of the cause, which resulted in judgment in favor of the state ordering the forfeiture of the property. The defendant has appealed the cause to this court and assigns the action of the county court in overruling demurrer and objection to the introduction of testimony as error for reversal. The Attorney General has filed a confession of error in the cause in the following language:

"Counsel for plaintiff in error say that this action is prosecuted by the state under section 7023, Compiled Statutes of 1921, which section provides that:

"All vehicles used in hauling or transporting any liquor, the sale of which is prohibited by the laws of this state, from place to place in this state, in violation of the laws thereof, shall be forfeited by the state by order of the court issuing the process, etc.' ".

The Supreme Court of this state in an opinion by Mr. Justice Kennamer, announced the rule as follows:

"An information to forfeit an automobile should state that it was used to convey intoxicating liquors from one place to another in the state and if the particular place from which conveyed is unknown to affiant, it is proper so to state." One Paige Touring Car v. State, 83 Okla. 40, 200 Pac. 852.

And in the case of One Ford Car and W. B. Wild v. State, 92 Okla. 29, 217 Pac. 460, the rule is further announced:

"In a forfeiture proceeding under section 7023, Compiled Laws of 1921, the gist of the offense is the use of the conveyance for the unlawful transportation of intoxicants from one point to another in the state. If the complaint fails to allege from what point, if known, and if unknown, it must be so alleged, and to what point the liquor was transported, it does not state a cause of action and is fatally defective."

The Attorney General therefore suggests that the county court of Beaver county committed prejudicial error to the rights of the plaintiff in error when it entered the order overruling the demurrer to the complaint and denied the objections to the introduction of testimony by the interpleader in this case, and said cause ought to be reversed and remanded with directions to the court below to set aside the order overruling the demurrer and sustain the same, and that such further action should be taken as to this court appears to be proper. And the confession of error being well founded in law, as applied to the record in this action, it is recommended that the cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.