KIRK et al. v. STATE ex rel. CRAIG.

No. 34175.   Oct. 16, 1951.

*236 P. 2d 676.*

Kenneth Reed, Perry, and H. R. Helmbrecht, Ponca City, for plaintiffs in error.

Lowell Doggett, Co. Atty., and Herbert A. Turk, Asst. Co. Atty., Newkirk, for defendant in error.

GIBSON, J.   About 10:30 p.m. on December 7, 1948, two Ponca City policemen saw a Lincoln sedan drive into the driveway at the home of a party, reputed to be a bootlegger. They noted the license number of the car. They watched from a distance and observed a man in khaki clothes pass through the lights of the car and saw several persons going back and forth between

the car and the house. Soon thereafter the driver of the Lincoln car left these premises traveling at a rapid speed. They followed him. He ran a stop line at one of the busiest street intersections of the city. Before reaching the city limits the officers estimate the driver's speed at 80 miles per hour. They pursued him about a mile south of Ponca City, and being outdistanced they returned to the police station and sent a radio message to the Highway Patrol. Very soon a patrol car arrived and two patrolmen, joined by the two policemen, followed the highway upon which the Lincoln was last seen. About four miles south of the city they located the car, on the driveway of one Arnold, who, according to the testimony, was a known bootlegger. The officers stopped their car. In a moment another car drove up behind them. In it were the defendant Kirk and Arnold. Upon inquiry by the officers Kirk acknowledged that he was the owner and driver of the Lincoln. He was placed under arrest for reckless driving. One of the officers then, with the aid of a flashlight, looked through the window of the Lincoln car still parked in the driveway and saw packages labeled "Old Thompson Whisky." Defendant and the Lincoln car were taken to Ponca City. Kirk was charged at the police station with the offense of reckless driving. Later he was charged in county court with transportation of seven cases of whisky found in the Lincoln. These proceedings for forefeiture of the car were commenced.

Both this case and the criminal case were tried before the county judge, after a jury was waived.

For reversal defendant urges several assignments of error and argues them under two propositions. In view of our conclusion, it is necessary to consider only the second proposition wherein the defendant contends that the trial court erred in rendering judgment for defendant in error and that said judgment is not supported by the evidence.

This contention of defendant must be sustained. In Kirk v. State, ___ Okla. Cr. ___, 223 P. 2d 558, the Criminal Court of Appeals reversed the conviction, and held:

"Where an information charges accused with the offense of transporting intoxicating liquor, it is essential to sustain conviction that the state prove either by direct or circumstantial evidence the transportation of such liquor. The fact that whisky was found in parked automobile without any other evidence to show a transportation was insufficient to sustain conviction for transportation of intoxicating liquor."

When the officers made the arrest the Lincoln car was standing on a private driveway. No witness saw the defendant drive the car at any time when it was known that there was whisky in it. The fact that the defendant had driven the same car at a high rate of speed in avoiding arrest one-half hour previous to the time that whisky was found in the car was a mere circumstance leading one to believe that the whisky might have been in the car at that time. The Criminal Court of Appeals (in Kirk v. State, supra) said that it is a matter of pure conjecture or surmise that the car had whisky in it when it was seen by the policemen speeding out of town, and that the hypothesis that the whisky was placed in the car at the home of Jimmie Arnold, who was said by the officers to be a confirmed whisky man, is just as reasonable as to say that it was there during the chase. All four officers testified that they did not know that there was whisky in the car until found there after the arrest.

The only authority for forfeiture of an automobile in this kind of proceeding arises under Tit. 37 O. S. 1941 §111. That authority depends entirely upon use of the vehicle in transporting prohibited liquor from one place to another within the state in violation of law. The Criminal Court of Appeals, in its opinion, in Kirk v. State, supra, said that the reversal of the case would not

prevent a prosecution of the defendant for unlawful possession of liquor. But unlawful possession will not support a forfeiture under the above statute. The gist of the offense under this section is the use of the vehicle in the transporting of intoxicating liquors from one point to another in the state. One Ford Car v. State, 92 Okla. 29, 217 P. 460. The evidence did not establish these essential facts.

In ODell v. State ex rel. Field, 193 Okla. 680, 147 P. 2d 154, this court upheld a judgment of forfeiture of a car which had been driven at a speed of 80 miles per hour when pursued by officers. But in that case the evidence clearly showed a transportation of liquor.

The Criminal Court of Appeals has discharged the defendant Kirk from further prosecution on the charge of transporting. We have examined the record in that case and the evidence was substantially the same as in this case. We are in accord with the Criminal Court of Appeals in holding that the evidence did not etablish an unlawful transportation. The evidence does not sustain a judgment of forfeiture.

Judgment reversed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur. O'-NEAL, J., dissents.

O'NEAL, J. (dissenting). After careful reading and thorough study of the record, I am of the opinion that, under the facts proved in this forfeiture proceeding coupled with logical inferences reasonably drawn therefrom, the automobile seized was being used in the unlawful transportation of intoxicating liquor; that the search of the car was incident to lawful arrest of the driver of it, for the offense of reckless driving committed in the presence of the officers; that under the provisions of 37 O. S. 1941 § 111, the automobile is subject to forfeiture, and that the judgment of the trial court forfeiting it to the state is correct, and should be affirmed.

I therefore dissent.