ONE 1948 BLUE TWO-TON CHEVROLET TRUCK, etc., et al. v. STATE.

No. 34721.   Jan. 8, 1952.

*239 P. 2d 767.*

Percy Hughes, Hobart, for plaintiffs in error.

Fred E. LaRue, Co. Atty., Custer County, Clinton, for defendant in error.

BINGAMAN, J.  This is a proceeding by the State to forfeit a two-ton Chevrolet van type truck, on the ground that it was being used in the transportation of intoxicating liquor in violation of law, Hershel Roberts, the owner of the truck, and William H. Busby,

who claimed that he had borrowed the truck from Roberts and was therefore responsible for it, intervened in the action, Busby contending that the truck was not being used to transport liquor at the time it was seized and Roberts contending that if it had been so used it was without his knowledge and consent. At the close of the evidence the trial court overruled a motion for directed verdict and submitted the cause to a jury, which rendered a verdict for the state, finding that the truck had been used in the transportation of intoxicating liquor and that the State was entitled to forfeit the same. From a judgment on the verdict the interveners Busby and Roberts appeal.

While several questions are presented by the appeal, the determinative question is whether the evidence is sufficient to sustain the charge of unlawful transportation.

From the record it appears that when the truck was seized by the sheriff of Custer county on February 11, 1948, it was parked in the Rainbo tourist camp, about a mile and a half from the city of Clinton. No one was in the truck at the time of the seizure but the sheriff managed to start the truck and by moving it back and forth ascertained that it was loaded with something. He thereupon broke into it and discovered that it contained a considerable amount of whisky. No one testified that the truck was loaded with whisky or any intoxicating liquor at the time it was taken into the tourist camp and parked there. Two witnesses testified that they saw the truck at the K. C. Motor Company in Clinton on the morning of February 9th, and that at that time it had no intoxicating liquors in it. One of these witnesses was a policeman in the city of Clinton.

The owner of the Neptune tourist camp, located some two miles from the place where the truck was seized, testified that a certain party registered there on February 9, 1948, and brought the truck with him. He further testified that while his record did not show that the driver registered for the night of February 10th, the truck remained at his camp until noon of February 11th, at which time it was driven away. The sheriff testified that the truck was not at the Rainbo camp during the morning of February 11th, but that about noon he saw it there parked directly behind the house of the owner of the camp, at which point he took possession of it some two and a half hours later. No witness testified that he saw any liquor in the truck prior to the time the sheriff seized it, and while the county attorney, in his brief, advances the theory that the truck was taken from the Neptune tourist camp sometime during the night of February 10th, and loaded with liquor and then returned to the camp, there is not a scintilla of evidence to support this theory.

The testimony shows that the owner of the truck and the owner of the Rainbo tourist camp, as well as the man who had been driving the truck previous to its seizure, were all known to be bootleggers and that the Rainbo camp was a place at which the liquor laws had been frequently violated. The intervener Busby testified that the truck was at the Rainbo camp on the night of the 10th, and that the liquor was loaded into it there, but his testimony is contradicted by both the owner of the other tourist camp and the sheriff.

In the light of previous decisions this evidence was wholly insufficient to establish unlawful transportation of liquor in the truck. We have held that there must be evidence of actual transportation of intoxicating liquor before the vehicle charged with transportation may be forfeited by the State. The latest case so holding is Kirk v. State, 205 Okla. 219, 236 P. 2d 676. In that case the evidence by which it was sought to establish unlawful transportation was stronger than the evidence in the instant case, but was held insufficient to show transportation by the owner of the car.

In Lee v. State, 62 Okla. Cr. 204, 70 P. 2d 1111, and Bogard v. State, 40 Okla. Cr. 12, 266 P. 517, the Criminal Court of Appeals held the evidence insufficient. In all these cases the evidence was, in our opinion, stronger than that in the instant case.

Thus, in Lee v. State, supra, the officers found the automobile of the defendant standing on the public road, and the defendant told them he could not get his car started. They tried to assist him in starting the car and while so doing discovered a sack in the car filled with fruit jars containing whisky. In Bogard v. State, the state relied upon admissions made by the defendant, found with whisky in his possession, that he had bought the whisky at another point and brought it back to town. In each of these cases, the Criminal Court of Appeals held the evidence insufficient to establish unlawful transportation.

In Kirk v. State, supra, we pointed out that the car involved in that case, when seized by the officers, was parked in the driveway of a known bootlegger, although the owner had shortly theretofore been seen driving on the public highway. We pointed out that the inference that it had the liquor in it while it was being driven on the road was speculative, and that it was just as reasonable to assume that the whisky had been placed in the car at the home of the bootlegger where it was found parked.

In the instant case it is conceded that the truck, when seized, was parked behind the house of the owner of the tourist camp, who was a well known bootlegger, and it is just as reasonable to assume that the whisky was loaded into the truck at that point as it is to assume that the whisky was placed in the truck at some other point and then driven there.

Since the evidence was wholly insufficient to establish the charge of unlawful transportation, the trial court should have directed the jury to return a verdict for the interveners.

Reversed.

HALLEY, V.C.J., and GIBSON, DAVISON, and JOHNSON, JJ., concur. CORN and O'NEAL, JJ., dissent.